UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MATTIE JOHNSON,                          )
                                         )   2:06-cv-0235-GEB-GGH
            Plaintiff,                   )
                                         )   ORDER TO SHOW CAUSE
     v.                                  )   AND CONTINUING STATUS
                                         )   (PRETRIAL SCHEDULING)
FAROUK YOUSEF DIAB, d/b/a                )   CONFERENCE
WIENERCHNITZEL No. 131; MABEL            )
R. BOMALICK TRUST, and                   )
DOES 1 through 10, inclusive,            )
                                         )
            Defendants.                  )
_____)

        The February 3, 2006, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for April 17, 2006, and required the parties to file a joint status report ("JSR") no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1] No status

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or

(continued...)

1

1  report was filed.  Instead, on April 3, 2006, the deadline for the
2  filing of the JSR, the parties jointly filed a "Stipulation and
3  Proposed Order to Continue Scheduling Conference" in which they agreed
4  "that the scheduling conference . . . be continued for a period of
5  thirty (30) days."[2]

6        Plaintiff and Defendants are Ordered to Show Cause (OSC) no
7  later than 4:00 p.m. on April 24, 2006, why sanctions should not be
8  imposed under Rule 16(f) of the Federal Rules of Civil Procedure
9  against them and/or their counsel for the failure to file a timely
10 status report.  The written responses shall state whether the parties
11 or their counsel are at fault and whether a hearing is requested on
12 the OSC.[3]  If a hearing is requested, it will be held on June 5, 2006,
13 at 9:00 a.m., just prior to the status conference, which is
14 rescheduled to that date.  In accordance with the requirements set
15 /////
16 /////
17 /////
18 /////
19 /////
20 /////

---

[1](...continued)
parties.

Order filed February 3, 2006, at 2 n.1.

[2] Local Rule 6-144(d) warns that "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

[3] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2

1  forth in the February 3 Order, the parties shall file a JSR no later
2  than May 22, 2006.
3          IT IS SO ORDERED.
4  Dated:  April 10, 2006

                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge